IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JUDITH FREIBOTH,<br><br>    Plaintiff,<br><br>v.<br><br>THE IOWA PRIMATE LEARNING<br>SANCTUARY, d/b/a GREAT APE<br>TRUST OF IOWA,<br><br>    Defendant. | Case No. 4:08-cv-00433-JAJ-RAW<br><br>(Polk County Case No. CL110518)<br><br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

COMES NOW the Defendant, The Iowa Primate Learning Sanctuary, d/b/a Great Ape Trust of Iowa, by and through its counsel, Whitfield & Eddy, P.L.C., and for its Answer to Plaintiff's Petition and Jury Demand in the above-captioned matter, respectfully states to the Court as follows:

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to invoke the jurisdiction of the State Court under Iowa Code Chapter 216; Defendant denies each additional allegation contained in paragraph 1 for lack of sufficient information upon which to form a belief.

2. Defendant admits this allegation.

## THE PARTIES

3. Defendant denies this allegation for lack of sufficient information upon which to form a belief.

4. Defendant denies this allegation for lack of sufficient information upon which to form a belief.

5. Defendant admits that Defendant is an Iowa non-profit corporation and its principal place of business is in Des Moines, Polk County, Iowa.

6. Defendant admits that Plaintiff was employed by the Defendant from May 2005 through March 28, 2008.

7. Defendant denies this allegation.

## CONDITIONS PRECEDENT

8. Defendant admits that Plaintiff filed a complaint with the Iowa Civil Rights Commission on May 7, 2008, that the Complaint was cross-filed with the EEOC, that Plaintiff has attached a copy of the Complaint to her Petition as Exhibit A, and that Plaintiff's Complaint was filed within 180 days of Freiboth's last day of employment with the Defendant; Defendant denies each additional allegation of paragraph 8 that is not specifically admitted herein.

9. Defendant admits this allegation.

10. Defendant admits this allegation.

## COUNT I

11. For its answer to paragraph 11, Defendant realleges its answers to paragraphs 1 through 10 and incorporates them herein as if set forth in full.

12. Defendant admits Plaintiff was an employee of Defendant; Defendant denies that Plaintiff is disabled within the meaning of Iowa Code Chapter 216 et seq., for lack of sufficient information upon which to form a belief.

13. Defendant admits this allegation.

14. Defendant denies this allegation.

15. Defendant denies this allegation.

16. Defendant denies this allegation.

17. Defendant denies this allegation.

18. Defendant denies this allegation.

WHEREFORE, the Defendant, The Iowa Primate Learning Sanctuary, d/b/a Great Ape Trust of Iowa, respectfully prays that Count I of Plaintiff's Petition be dismissed in its entirety, with all costs and expenses accruing thereon charged to Plaintiff, and for any additional relief that the Court deems appropriate under the circumstances.

## Count II

19. For its answer to paragraph 19, Defendant realleges its answers to paragraphs 1 through 18 and incorporates them herein as if set forth in full.

20. Defendant admits Plaintiff was an employee of Defendant as defined in 42 U.S.C. § 12111(4); Defendant denies that Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12102(2) and 12111(8).

21. Defendant admits this allegation.

22. Defendant denies this allegation.

23. Defendant denies this allegation.

24. Defendant denies this allegation.

25. Defendant denies this allegation.

26. Defendant denies this allegation.

WHEREFORE, the Defendant, The Iowa Primate Learning Sanctuary, d/b/a Great Ape Trust of Iowa, respectfully prays that Count II of Plaintiff's Petition be dismissed in its

entirety, with all costs and expenses accruing thereon charged to Plaintiff, and for any additional relief that the Court deems appropriate under the circumstances.

### JURY DEMAND

27. Defendant neither admits nor denies this allegation.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a cause of action upon which relief can be granted.

2. Defendant had legitimate non-discriminatory reasons for its employment decisions with respect to Plaintiff and such reasons and decisions were devoid of any unlawful or discriminatory motive.

3. Plaintiff has failed to mitigate any claimed damages.

WHITFIELD & EDDY, P.L.C.

By: *[signature]*

Jaki K. Samuelson    AT0006940
317 Sixth Avenue, Suite 1200
Des Moines, Iowa 50309-4195
Phone: (515) 288-6041
Fax: (515) 246-1474
E-mail: samuelson@whitfieldlaw.com

ATTORNEY FOR DEFENDANT, THE IOWA PRIMATE LEARNING SANCTUARY, d/b/a GREAT APE TRUST OF IOWA